IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | INDICTMENT |
| | : | |
| v. | : | CRIMINAL NO.: 5:13-CR-__71-CAR__ |
| | : | |
| COREY TERRELL DURHAM, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g) |
| Defendant. | : | 18 U.S.C. § 924(a)(2) |
| | : | 26 U.S.C. § 5861(d) |

THE GRAND JURY CHARGES:

## COUNT ONE
### (POSSESSION OF FIREARMS BY A CONVICTED FELON)

That on or about June 5, 2012, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, defendant herein,

**COREY TERRELL DURHAM,**

having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly receive and possess firearms which had previously been shipped and transported in interstate and foreign commerce, to wit: one New England Firearms 12 gauge single shot shotgun, Model Pardner Tracker SBI, serial number NF330568, one Companhia Brasileira De Cartuchos 12 gauge single shot shotgun, Model 151, serial number 29-038173, one Hi-Point .45 caliber semi-automatic pistol, Model JHP, serial number X419652, one F.I.E. .38SP caliber Derringer, Model D38, serial number F28506, and one Walther .22LR caliber semi-automatic pistol, Model P22, serial number L310484; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
## (POSSESSION OF UNREGISTERED FIREARM)

That on or about June 5, 2012, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, defendant herein,

**COREY TERRELL DURHAM,**

aided and abetted by each other and by other persons, both known and unknown to the Grand Jury, did knowingly and intentionally possess firearms, to wit: one New England Firearms 12 gauge single shot shotgun, Model Pardner Tracker SBI, serial number NF330568, having an overall length of less than 26 inches and one Companhia Brasileira De Cartuchos 12 gauge single shot shotgun, Model 151, serial number 29-038173, having a barrel length of less than 18 inches, which were not then registered to him in the National Firearms Registration and Transfer Record; all in violation of Title 26, United States Code, Section 5861(d).

## FORFEITURE NOTICE
### (18 U.S.C. § 924(d) and 21 U.S.C. § 853 - Criminal Forfeiture)

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c) and/or Title 21, United States Code, Section 853.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2) and Title 26, United States Code, Section 5861(d) set forth in Counts One and Two of this Indictment, the defendant,

**COREY TERRELL DURHAM,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and/or Title 21, United States Code, Section 853, any firearms involved in the commission of the offense(s), including, but not limited to the following:

### FIREARMS

a.  one New England Firearms 12 gauge single shot shotgun, Model Pardner Tracker SBI, serial number NF330568;

b.  one Companhia Brasileira De Cartuchos 12 gauge single shot shotgun, Model 151, serial number 29-038173;

c.  one Hi-Point .45 caliber semi-automatic pistol, Model JHP, serial number X419652;

d.  one F.I.E. .38SP caliber Derringer, Model D38, serial number F28506, and

e.  one Walther .22LR caliber semi-automatic pistol, Model P22, serial number L310484.

3.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a.  cannot be located upon exercise of due diligence;

b.  has been transferred, sold to or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 924(d), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

A TRUE BILL.

/s/ FOREPERSON OF THE GRAND JURY

PRESENTED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

VERDA M. COLVIN
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 9 day of Oct, A.D. 2013.

Nora Paul
Deputy Clerk

4